UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARREN REESE,

      Petitioner,

v.                                    Case No. 1:07-CV-268
                                        (Criminal Case No. 1:04:CR:33)

UNITED STATES OF AMERICA,

                                        HON. GORDON J. QUIST

      Respondent.

_____/

## OPINION

      This Court has before it Darren Reese's ("Petitioner") Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody.  Promptly after the filing of a § 2255 motion, the court must undertake a preliminary review of the Motion to determine whether it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that Petitioner is not entitled to relief in the district court.  Rule 4, Rules Governing § 2255 Cases.  If so, the court shall dismiss the motion.  *Id.*  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999) (applying Rule 4 to petition filed under 28 U.S.C. § 2254).  After undertaking the review required by Rule 4, the Court concludes that Petitioner is not entitled to relief.

## I.    Procedural History

      On August 16, 2004, Petitioner pled guilty to distributing 50 grams or more of cocaine base.  On November 16, 2004, Petitioner was sentenced to 151 months incarceration.  Petitioner appealed

his sentence to the United States Court of Appeals for the Sixth Circuit.  The Court of Appeals affirmed his sentence and entered judgment on December 15, 2005.  The mandate issued on January 6, 2006.  No petition for writ of certiorari was filed with the Supreme Court. Petitioner filed the instant § 2255 on March 15, 2007.  His petition is timely.  *See Sanchez-Castellano*, 358 F.3d 424, 426-27 (6th Cir. 2004).

## II.    Petitioner's Claims are Procedurally Defaulted

The Petitioner argues that his Sentencing Guidelines were not accurately calculated because the Court adopted the findings set forth in paragraphs 69 and 70 of the Presentence Investigation Report (PSR), which attributed three criminal history points in each paragraph for two separate drug trafficking offenses. The Petitioner claims that these two convictions should have been treated as related pursuant to U.S.S.G. § 4A1.2, Application Note 3, because the prior sentences are considered part of a single common scheme or plan.  Petitioner claims, and the claim is supported by the PSR, that the two convictions in paragraphs 69 and 70 resulted from possession or sales of small amounts of crack cocaine to undercover officers on November 9, 1994, and November 2, 1994, respectively. The two cases were given different case numbers, and the sentences on the cases were to be served concurrently.  However, there never was an order of consolidation.  Petitioner's current argument was never made in this Court at the time of sentencing, nor in the Court of Appeals.  Petitioner now claims that his counsel at sentencing and on appeal was not effective for not having raised this issue.

Section 2255 petitions are not substitutes for direct appeals.  *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982); *Hunter v. United States*, 160 F.3d 1109, 1114 (6th Cir. 1998); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).  While constitutional issues may be raised for the first time under 28 U.S.C. § 2255 where the petitioner shows "good cause" for his

2

failure to pursue an issue on direct appeal and actual prejudice stemming from the alleged constitutional violation, *non-constitutional* errors ordinarily are not cognizable on collateral review. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).  In holding that a potential violation of the Sentencing Guidelines cannot be raised for the first time under 28 U.S.C. § 2255, the court in *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993), stated:

> One full and fair opportunity to make arguments under the Guidelines - at sentencing and on direct appeal - is enough.
>
> *   *   *
>
> Persons who believe that district judges have not enforced all of their rights must appeal; having bypassed that opportunity they may not demand belated review.

*Id.*  Likewise, in *Grant*, the Sixth Circuit held that absent fundamental unfairness, section 2255 cannot be used to attack non-constitutional errors in sentencing.  *Grant*, 72 F.3d at 506.  A prisoner may, however, allege that an improper sentence was imposed because he did not receive his constitutional right to effective assistance of counsel.  *See id.*

## III.   Petitioner Has Not Shown Ineffective Assistance Of Counsel

The United States Court of Appeals for the Sixth Circuit repeated the test for ineffective assistance of counsel:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).  The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.  *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

3

deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

Petitioner cannot meet the *Strickland* standard because he cannot meet either prong of the test. First of all, his trial and appellate counsel were not ineffective because the law of the Sixth Circuit was clearly established by the time of sentencing that the two relevant sentences were not part of a common scheme or plan. Petitioner correctly points out that *United States v. Irons*, 196 F.3d 634, 638 (6th Cir. 1999), devised a stringent standard for determining whether prior convictions are "related" under U.S.S.G. § 4A1.2(a)(2) requiring proof that the offenses "have been jointly planned, or at least that . . . the commission of one would entail the commission of the other as well." Petitioner failed to point out, however, the case of *United States v. Carter*, 283 F.3d 755 (6th Cir. 2002). The facts in *Carter* are almost identical to the facts in the instant case: three (instead of two) sales; Carter, like Petitioner, was sentenced on the same day by the same judge for all the offenses; the first two offenses were seven days apart and the second and third offenses were ten days apart; the sales were made to the same individual; the cases were never consolidated; and the sentences were to run concurrently. The district court found that the convictions were not part of a common scheme or plan. Although the Sixth Circuit realized the widely disparate treatment of criminal

4

convictions based upon charging decisions, it held, following *Irons*, that Carter's criminal history and separate points for each conviction was correct because there was no evidence that the drug sales were jointly planned or that the commission of the first drug transaction would in any way entail the commission of the following transaction.

As recently as two months ago the Sixth Circuit, citing *Irons* and *Carter,* again held that four prior felony drug convictions should be counted separately where the offenses occurred on July 27 and August 11 of 1989 and February 9 and 26 of 1990, even though the indictments came out the same day, the sentences occurred on the same day, and the sentences were to run concurrently. *See United States v. Defilippo*, No. 05-6566, 2007 WL 627852, at *2 (6th Cir. Feb. 28, 2007).

### <u>Conclusion</u>

For the foregoing reasons this Court concludes that neither prong of the *Strickland* test has been met - his counsel was not ineffective, and ,if his counsel had raised the argument presented in this petition either at sentencing or on appeal, it would not have made any difference in Petitioner's guideline calculation.

A separate Order will be entered.

Dated:  April 3, 2007                          _____/s/ Gordon J. Quist_____
                                                           GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE